IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WILLIAMS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 19-3635 |
| v. | : | |
| LANCASTER COUNTY, PENNSYLVANIA; CRAIG W. STEDMAN, District Attorney; LANCASTER CO. POLICE DEPARTMENT; and "ALL KNOWN AND UNKNOWN RESPONDENTS," in their official capacities, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                            October 11, 2019

The *pro se* plaintiff is a life prisoner currently confined in a Pennsylvania state correctional institution. He has lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 primarily challenging his 1999 extradition pursuant to a fugitive warrant, his criminal prosecution, and his conviction for first-degree murder. He is also seeking leave to proceed *in forma pauperis*.

The plaintiff appears to be attempting to assert claims on behalf of a co-defendant and another individual, which he cannot do as a non-attorney. In addition, he purports to assert section 1983 claims even though his claims are only cognizable in a petition for a writ of habeas corpus. Accordingly, although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and not provide him with leave to amend the complaint because doing so would be futile.

I.     ALLEGATIONS AND PROCEDURAL HISTORY

In 1999, the *pro se* plaintiff, Kevin Williams ("Williams"), was arrested and charged with criminal homicide (18 Pa. C.S. § 2501).[1] *See* Docket, *Commonwealth v. Stewart*, No. CP-36-CR-4395-1999 (Lancaster Cty. Ct. Com. Pl.) ("CCP Docket"), *available at* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-36-CR-0004395-1999&dnh=pjhd%2fi3CLR4SrDe0HjqEEA%3d%3d (last visited Oct. 10, 2019). After a non-jury trial before the Honorable Lawrence F. Stengel in the Lancaster County Court of Common Pleas, Judge Stengel convicted Williams of first-degree murder and imposed a life sentence. *See* CCP Docket; *Williams v. Kerestes*, No. 1407 MDA 2014, 2015 WL 6134278, at *1 (Pa. Super. Apr. 24, 2015) ("On March 29, 2000, the court convicted Appellant of first-degree murder, in connection with Appellant's instruction to his associates to kill Victim in retaliation for Victim's theft of money and guns from a crack house maintained by Appellant.").[2] Although Williams appealed from his judgment of sentence, his appeal was unsuccessful. *See* CCP Docket; *Williams*, 2015 WL 6134278, at *1 (indicating that Superior Court affirmed Williams's judgment of sentence on March 30, 2001, and Pennsylvania Supreme Court denied petition for allowance of appeal on August 20, 2001).

Since his conviction became final, Williams has filed numerous petitions for post-conviction relief and petitions for writs of habeas corpus, none of which have been successful. *See* CCP Docket; *Williams*, 2015 WL 6134278 ("From 2001–2012, [Williams] unsuccessfully litigated multiple PCRA petitions."); *see also* Aug. 7, 2017 Order, *Williams v. Madenspacher*, Civ. A. No.

---

[1] Williams is also known as Kirby Stewart. *See* Compl. at ECF p. 3, Doc. No. 1.
[2] The court takes judicial notice of the public dockets and legal opinions related to Williams's conviction and his efforts to challenge that conviction. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." (alteration in original) (citations omitted)).

17-691 (E.D. Pa.), Doc. No. 9 (adopting report and recommendation which recommended dismissing Williams's petition for writ of habeas corpus with prejudice because it was second or successive petition and Third Circuit Court of Appeals had denied Williams permission to file second or successive habeas petition); Sept. 8, 2008 Order, *Williams v. Rozum*, Civ. A. No. 07-3716 (E.D. Pa.), Doc. No. 19 (adopting report and recommendation which recommended dismissing Williams's petition for writ of habeas corpus). His appeals of adverse decisions and his motions to reopen his habeas cases were also unsuccessful, as were his applications to the Third Circuit Court of Appeals to file a second or successive habeas corpus petition. *See* Docket, *In re Kirby Stewart*, No. 11-3904 (3d Cir.) (application for leave to file second or successive petition dismissed on January 24, 2012, due to failure to file certain documents); Docket, *In re Kevin Williams*, No. 13-3315 (3d Cir.) (order denying Williams's application for leave to file second or successive motion to vacate sentence entered on October 30, 2013; order denying petition for *en banc* hearing and panel rehearing entered on November 13, 2013); Docket, *In re Kevin Williams*, No. 17-1617 (3d Cir.) (order denying Williams's application for leave to file second or successive habeas petition entered on May 16, 2017; order denying petition for *en banc* hearing and panel rehearing entered on June 16, 2017); *see also* Compl. at ECF p. 10 (describing unsuccessful state post-conviction collateral proceedings and federal habeas proceedings); *id.* at ECF p. 17 ("[Williams] has filed six (PCRA's)[,] three (HABEAS CORPUS's [sic])[, and] two (RULE-60(b)'s)[.]").

In April 2019, Williams filed a motion in the state court under 42 Pa. C.S. § 5505[3] seeking to reopen his case to obtain "'**full and complete discovery**' from the prosecution's office," in

---

[3] This statute provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S. § 5505.

particular, "exculpatory evidence" that he claimed was "vital to [his] case." Compl. at ECF p. 11. He also filed a second motion for discovery seeking records and various items based on *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at ECF pp. 48–50. It appears that the state court denied both motions. *See* CCP Docket.

In the instant civil action, which Williams filed shortly before the denial of his most recent discovery motions, he brings claims for injunctive relief pursuant to section 1983 based on the criminal proceedings that led to his conviction. *See* Compl. at ECF p. 3 (indicating that Williams is bringing "this 42 U.S.C. § 1983 Complaint for 'Injunctive Relief'"). He has also filed an application for leave to proceed *in forma pauperis* (the "IFP Application") and a prisoner trust fund account statement. Doc. Nos. 4, 5.

In the caption of the complaint, Williams names as defendants (1) Lancaster County; (2) Craig W. Stedman, the District Attorney for Lancaster County; (3) the Lancaster County Police Department; and (4) "all known and unknown respondents." *Id.* In the body of the complaint, Williams appears to seek to assert claims on behalf of (1) Kawame Coe ("Coe"), who appears to have been a co-defendant also convicted of murder, and (2) Michael Seabury ("Seabury"), who also appears to have been convicted of first-degree murder.[4] *See id.* at ECF pp. 3–4; Docket, *Commonwealth v. Coe*, No. CP-36-CR-2189-1999 (Lancaster Cty. Ct. Com. Pl), *available at* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-36-CR-0002189-1999&dnh=CKDt7mkg2TwsgI9Udzsxkw%3d%3d (last visited Oct. 11, 2019); Docket, *Commonwealth v. Seabury*, No. CP-36-CR-2212-2000 (Lancaster Cty. Ct. Com. Pl.), https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-36-CR-0002212-

---

[4] It appears that Seabury was involved in the same homicide as Williams and Coe. *Compare Commonwealth v. Seabury*, No. 1734 MDA 2015, 2016 WL 3179522, at *1 (Pa. Super. June 7, 2016) (indicating Seabury was charged and convicted in connection of shooting death of Kirkland Hardy), *with* Compl. at ECF p. 4 (referencing death of Kirkland Hardy).

4

2000&dnh=Xdoy35pweI7Vi7WF%2bKsLRw%3d%3d (last visited Oct. 11, 2019). Williams also provides numbers of criminal dockets for individuals other than himself. *See id.* at ECF p. 3. Williams further lists additional "repsondents [sic]" whom he may have intended to include as defendants, including two judges who presided over his case.[5] *See id.* at ECF p. 4.

Williams raises claims based on events that occurred during the course of his state court criminal proceeding, in particular: (1) his extradition in 1999 from New York, where he was arrested, to Pennsylvania; (2) the Commonwealth's alleged failure to turn over exculpatory evidence in violation of *Brady*; and (3) various actions, including ineffectiveness of counsel, that allegedly undermined the fairness and constitutionality of his trial and post-conviction proceedings. *See id.* at ECF pp. 7–10, 12, 16–17. Williams also alleges that Coe filed a motion seeking ballistics testing of projectiles based on allegedly new technology. *See id.* at ECF p. 11. Williams asserts that this technology will prove his innocence as well as Coe's, but that Lancaster County refused to provide the testing. *See id.* at ECF pp. 11. It appears that the Court of Common Pleas denied Coe's motion, and the Superior Court of Pennsylvania affirmed the decision on appeal. *See id.* at ECF pp. 54–57 (attaching opinion in *Commonwealth v. Coe*, No. 1050 MDA 2018 (Pa. Super. Feb. 5, 2019)).

In addition to these allegations, Williams refers to "prison bonds" taken out in 1997 that he suggests relate to this case. *See id.* at ECF p. 16. He provides CUSIP numbers[6] and suggests

---

[5] Given the ultimate disposition of this case, the court need not address whether these individuals should be considered as defendants.

[6] According to the United States Securities and Exchange Commission's website:

> CUSIP stands for Committee on Uniform Securities Identification Procedures. A CUSIP number identifies most financial instruments, including: stocks of all registered U.S. and Canadian companies, commercial paper, and U.S. government and municipal bonds. The CUSIP system (formally known as CUSIP Global Services)—owned by the American Bankers Association and managed by Standard & Poor's—facilitates the clearance and settlement process of securities.

https://www.sec.gov/answers/cusip.htm (last accessed Oct. 8, 2019).

that these numbers undermine his prosecution or conviction because officials in Lancaster County allegedly had a financial outcome in his case. *See id.* However, the factual basis for that suggestion is entirely unclear.

Williams requests various forms of injunctive relief. He seeks release from custody based on the alleged constitutional violations or, in the alternative, a hearing, discovery and certain unspecified forensic testing. *See id.* at ECF p. 18. The request for forensic testing appears to refer to the ballistics testing Coe sought in his criminal case. The request for discovery appears to relate to the most recent motions Williams filed in state court seeking assorted discovery from the Commonwealth pursuant to *Brady*.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

6

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Williams is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

### B.     Standard of Review

Because the court has granted Williams leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

7

motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C. <u>Analysis</u>

#### 1. Claims on Behalf of Other Plaintiffs

As noted above, Williams refers to Coe and Seabury as possible plaintiffs in this case and at times pursues claims on their behalves. *See* Compl. at ECF pp. 3–4, 17. However, Williams may not represent others in court and he likewise may not pursue claims based on harm sustained by third parties. *See, e.g.*, *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83

(3d Cir. 1991) (explaining that non-attorney parent could not represent interests of minor children in federal court); *see also Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party [to have standing to bring a claim]." (internal quotation marks omitted)). This includes any claims based on Coe's unsuccessful motion in state court for ballistics testing on projectiles.[7] Accordingly, the court will dismiss any claims on behalf of Coe and Seabury as legally baseless.

2. Most of Williams's Claims are Not Cognizable Under Section 1983

In the complaint, Williams predominately seeks his release from imprisonment based on various constitutional violations that allegedly occurred in the course of his extradition, prosecution, trial, and post-conviction proceedings. However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Estelle v. Dorrough*, 420 U.S. 534, 536 n.2 (1975) ("[O]ne under a state detainer warrant is considered to be in custody for the purpose of federal habeas relief."). In other words, Williams's claims based on alleged constitutional violations that occurred in connection with his extradition, prosecution, and trial are not cognizable in a section 1983 action because Williams must pursue those claims by filing a petition for a writ of habeas corpus.[8] *See Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002) (explaining that "whether *Preiser* and its progeny require a claim to be brought under habeas" is determined by whether "the claim would fall within the 'core of habeas' and

---

[7] To the extent that Williams intended to pursue these claims on his own behalf, he has not stated a basis for a claim. Even liberally construing his allegations to challenge state post-conviction procedures (which is not pleaded at all), "[i]t is difficult to criticize the State's procedures when [one] has not invoked them." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71 (2009). Here, it was Coe, not Williams, who sought post-conviction ballistics testing in state court.

[8] Indeed, the complaint reflects that Williams raised challenges to his extradition and challenges based on *Brady* violations and ineffective assistance of counsel in his post-conviction motions. *See* Compl. at ECF p. 11.

require sooner release if resolved in the plaintiff's favor"). The same is true of Williams's claims based on his post-conviction requests for discovery pursuant to *Brady*. *See Skinner v. Switzer*, 562 U.S. 521, 536 (2001) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."). That Williams was unsuccessful in his state and federal challenges to his conviction does not permit him to pursue those challenges in a section 1983 action. Accordingly, the court will dismiss these claims as legally baseless and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

For the foregoing, the court will grant Williams leave to proceed *in forma pauperis* and dismiss the complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[9] As Williams cannot amend the defects in his claims, the court will not provide him with leave to amend.[10]

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[9] While the court has addressed Williams's claims under section 1915(e)(2)(B)(i), he has similarly failed to state a claim for relief under section 1983 insofar as he attempts to assert claims on behalf of Coe and Seabury and his claims not being cognizable under section 1983. Thus, dismissal with prejudice would be proper under section 1915(e)(2)(B)(ii) as well.

[10] A district court should generally provide a pro se plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).